HERBERT A. KATZ, Plaintiff, *v.* STREG, INC., Defendant.

Supreme Court, Special Term, Queens County, January 14, 1949.

*Louis Sohmer* for plaintiff.

*Martin M. Alpert* for defendant.

COLDEN, J. In an action by a tenant of a large apartment house to permanently enjoin his landlord from interfering with his '' right of access to, and repair of, a television aerial erected by the plaintiff on the roof of the house  *  *  *, and to enjoin and restrain the defendant from destroying said aerial '', the plaintiff has moved, by an order to show cause dated December 16, 1948, for the same relief by way of a temporary injunction.

Inasmuch as the defendant's predecessor had given the plaintiff permission to erect a television antenna in February, 1942, this court would have been inclined to grant the motion with respect to the aerial erected pursuant to such permission in order to maintain the *status quo* until it could be determined at the trial whether the permission granted by the defendant's predecessor to erect the original aerial was a license revocable at the mere will of the landlord, or was a concomitant right with the tenancy subject to revocation only for good and sufficient cause. However, after the order to show cause was signed the plaintiff himself disturbed the *status quo* by tearing down

the aerial which had been erected pursuant to the written permission above referred to, and which was the subject of the motion, and without the consent of the landlord erected and installed a completely new television antenna.

According to the defendant's superintendent, he observed two men enter the building on December 23, 1948, who advised him that at the request of the plaintiff they were to erect a new aerial on the roof of the premises. He warned these men not to proceed with their work without the written consent from the defendant. Notwithstanding this, the aerial was erected under circumstances which leave no doubt that the plaintiff knew of the defendant's objections and proceeded nevertheless.

Under these circumstances, the plaintiff is not entitled to the drastic remedy of a temporary injunction which will give him all the relief to which he might be entitled after trial. While he is a statutory tenant, nevertheless there are two leases which he signed with the defendant, which contain clauses to the effect that any aerial erected on the roof without the consent of the landlord in writing, was liable to removal without notice.

The motion is, accordingly, denied.

Submit order.